UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| TOMMY ALDRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:12-cv-00402-RCJ-WGC |
| vs. | ) | |
| | ) | |
| SALAZAR'S RESTAURANTS, LLC, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This case arises out of a restaurant's alleged refusal to admit a service animal and the altercation that ensued. Pending before the Court is Defendant's motion to dismiss one claim. For the reasons given herein, the Court denies the motion as moot.

## I.     FACTS AND PROCEDURAL HISTORY

On an unspecified date, Plaintiff Tommy Aldridge entered Defendant Salazar's Restaurants, LLC's Toki Ona Café in Elko, Nevada with his service dog, Champ, which animal had been prescribed to him due to his military-service-related post traumatic stress disorder ("PTSD"). (Compl. ¶¶ 1–6, July 31, 2012, ECF No. 1). An unidentified manager told Plaintiff the animal would have to leave, because only seeing eye dogs were permitted. (*Id.* ¶ 7). Plaintiff explained that he was not blind but that his animal was a registered service animal assigned to him because of his PTSD. (*Id.* ¶¶ 8–10). The manager repeated the limitation, and told Plaintiff the dog had to leave; the conversation could be overheard by other customers. (*Id.* ¶ 12).

Plaintiff sued Defendants in this Court on four causes of action: (1) violation of the Americans with Disabilities Act ("ADA"); (2) defamation; (3) intentional infliction of emotional distress ("IIED"); and (4) negligent training and supervision.  Defendants moved to dismiss the defamation claim for failure to state a claim.  Plaintiff amended the complaint to remove the defamation claim within twenty-one days of having been served with the motion to dismiss.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the factual grounds upon which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

1  liable for the misconduct alleged."). In other words, under the modern interpretation of Rule
2  8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must
3  plead the facts of his own case so that the court can determine whether the plaintiff has any
4  plausible basis for relief under the legal theory he has specified, assuming the facts are as he
5  alleges (*Twombly-Iqbal* review).

6  "Generally, a district court may not consider any material beyond the pleadings in ruling
7  on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the
8  complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner
9  & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents
10 whose contents are alleged in a complaint and whose authenticity no party questions, but which
11 are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)
12 motion to dismiss" without converting the motion to dismiss into a motion for summary
13 judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule
14 of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay
15 Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court
16 considers materials outside of the pleadings, the motion to dismiss is converted into a motion for
17 summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.
18 2001).

19 **III.   ANALYSIS**

20 Defendants ask the Court to dismiss the defamation claim for failure to state a claim. The
21 sole allegation in the Complaint relating to defamation is that the manager's comments that the
22 State Health Department had told him only seeing eye dogs could be admitted implied that the
23 animal, "and, by association, Plaintiff" were unsanitary and hazardous to the health of the other
24 patrons . . . ." (*See* Compl. ¶¶ 12–13).

25

First, the alleged implication that the animal was a health hazard was more in the character of opinion than fact, even if such an implication could be taken as a statement for the purposes of a defamation claim. *See Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82, 89 (Nev. 2002) (holding that the published statement of a restaurant critic that "this [food] came out of some sort of package" was an opinion, not a factual claim that she actually saw the food come out of a package as opposed to having been freshly prepared). Likewise, here, the implied statement that the animal was unsanitary was not a claim to have inspected the animal and found it to have been unsanitary, but a broad statement of opinion based on Defendants' manager's understanding of the health code.

Second, such a statement, even if made directly, would be "substantially true." *See id.* at 90. Nevada's health regulations generally prohibit animals in public dining areas precisely because they are presumed to be unsanitary.[1] The Nevada Administrative Code specifically prohibits animals from entering the dining rooms of food service establishments, with some exceptions. *See* Nev. Admin. Code § 446.625. One such exception is for "[g]uide dogs accompanying persons with a visual, aural or physical disability . . . ." *Id.* at § 446.625(2).[2] Psychological disabilities are not included within the exceptions. This does not mean that Plaintiff has no ADA claim based upon his psychological disability; the federal ADA presumably supersedes state and local regulations with respect to the right of access. But it does mean that the manager's comments were not false for the purposes of a common law defamation claim. The

---

[1] "Unsanitary" in this context does not mean that the animal need be covered in mud. Some pet owners may take umbrage with claims that their pets are "dirty," but it is common knowledge that animals often carry fleas, shed hair and dander to which a sizeable proportion of the public is allergic, and that they tend to rub against, jump upon, and lick strangers. This is normal behavior for dogs, and they cannot be faulted for it, but we would blink at reality to pretend this kind of behavior is sanitary in a public dining room. Service dogs are trained to behave well in public, but shedding and other sanitation problems may remain.

[2] Even qualified service animals are not allowed on tables or seats in dining areas. *See id.*

fact that the ADA may require an exception broader than the exception the state has provided does not negate the objective fact that it is generally unsanitary for animals to be in public dining areas. Congress has determined that the benefits to the disabled of requiring the admittance of service animals in places of public accommodation outweigh the sanitation benefits of excluding them. Congress may make this determination through legislative fiat, but it may not through legislative fiat negate the fact that the presence of animals in restaurants is generally unsanitary or, more importantly here, the fact that the state regulations are based upon this presumption. The manager's implication that Plaintiff's dog was considered unsanitary under the state health code was plainly true.

Third, the statement was not about Plaintiff, but rather about the animal, and only a person can be defamed. To the extent that the statement could be considered as against Plaintiff, i.e., that Plaintiff owned a dog that it would be unsanitary to have in a public dining room, such a statement is not defamatory. Defendants are alleged to have stated that dogs were not permitted under the health code, and hence to have implied that dogs are generally unsanitary. In other words, Defendants accused Plaintiff himself of nothing more than having brought his dog into a public dining area, which statements Plaintiff does not allege are false, and which would not be defamatory if they were.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 3) is DENIED as moot.

IT IS SO ORDERED.

Dated this 11th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge